Argued May 5, decided July 13, 1909.

## LAUGHLIN *v.* CONNORS.

[102 Pac. 793.]

MECHANICS' LIENS—EVIDENCE TO ESTABLISH—SUFFICIENCY.

1. One seeking to establish a lien for materials and labor furnished to a contractor, must make a definite showing as to value in order to prevail.

MECHANICS' LIENS—EVIDENCE—SUFFICIENCY.

2. Evidence examined, and *held* insufficient to establish a lien for any definite amount for labor and materials furnished a contractor.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by J. E. Laughlin to foreclose a mechanic's lien upon the Knights of Pythias building, erected in the year 1907, in Baker City, Oregon. L. Connors was the contractor for the stonework of the building. Plaintiff furnished a great deal of labor for Connors in the erec-

tion thereof, and also delivered the sand, to be paid for by the yard, the rock from the car, to be paid by the perch, and gravel, to be paid for by the load, at prices agreed upon, amounting, as plaintiff alleges, to the sum of $1,287.38, upon which he admits payments to the amount of $794.05, claiming a balance due of $493.33, for which he filed a mechanic's lien against the building.

Defendant Gauntlet Lodge No. 8, in answer to the complaint makes certain denials, and alleges affirmatively that the work and materials furnished by plaintiff did not exceed in value $550, and that the amount thereof has been paid by the said Connors. Connors did not appear in the suit. Before the work was completed, he quit the contract and left the country, without settling with plaintiff or making any provision for his payment, if anything was due him. Plaintiff commenced work about March 11, 1907, and ceased work about November 22, 1907. He was unable to read or write, or to make any entries or memoranda of his work, except by tallies, which he made in a small tablet. At times, at long intervals, he had other persons make memoranda of items of his work in a small account book, as he dictated it, but only for a portion of his work. He has kept no record of the payments made to him. Connors had contracts also upon other buildings in process of construction at the same time with the Knights of Pythias building, and plaintiff did work of the same character and at the same time for Connors upon the other buildings. At the time of the trial the tablet upon which plaintiff had kept his tallies had been accidentally destroyed, but he testified he had it at the time he prepared and filed his lien, and at the time the memoranda were made in his account book. The trial court found it was impossible to determine from the record in what, if any, sums plaintiff would be entitled to a lien upon defendant's building, and gave decree for defendant. Plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Charles A. Johns.*

For respondent there was a brief over the names of *Messrs. Lomax & Anderson,* and *Messrs. Drowley & Levens,* with an oral argument by *Mr. Gustav Anderson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. We agree with the trial court that it cannot be definitely ascertained from the testimony and record what amount is due from Connors to plaintiff for work done on the Knights of Pythias building, or that any amount is due or lienable. Plaintiff has no contract relation with the defendant lodge or personal claim against it. On the contrary, the laborer has only a lien on defendant's property under certain conditions, namely, that the labor was furnished in construction of defendant's building at the original contractor's request; that the contractor has failed to pay him, and he has filed a notice of lien thereon in the county clerk's office, as provided by statute. The defendant has no means of keeping the accounts between the contractor and laborer, but is largely dependent on their statement as to the amount of their claim, when the contractor fails to fulfill his contract. Therefore the items of plaintiff's claim must be brought clearly within the statute by definite proof, and it cannot be left to conjecture. Making due allowance for plaintiff's inability to keep his accounts, or to make memoranda thereof, and his efforts to keep account of his work by tallies, we think the conditions of this account, at least as it affects the defendant lodge, inextricable. He has charged in this lien for 309 yards of sand, while the testimony indicates that about 176 yards were used. He has charged for hauling 924 perch of rock from the car, while the testimony indicates that 769 perch were used, which would reduce his claim $185.

The evidence as to labor with his team at the building is very indefinite and unsatisfactory. No dates are

given or reference to the character of the work, and plaintiff confessed his inability to testify to these particulars, but refers to the statements in the book as the basis of his information. Exhibit C, attached to Connors' deposition, showing work and material furnish the Knights of Pythias building, to the amount of $159.50, was undoubtedly a statement furnished by plaintiff to Connors against the Kelly building, and was subsequently changed by some one by inserting the letter "P" after "K" in two places to make it read: "K. P. Bldg." However, no item therein seems to correspond with any item in the statement annexed to the lien. The entries in Connors' book do not have the appearance of having been made at the date of the transactions. They are in pencil and all appear to have been made at one time, by the same hand and pencil, while entries therein on prior pages, covering items occurring during the same period of time, show different handwritings and pencils.

On the question of payments there is great uncertainty. Plaintiff admits payments to June 17, 1907, $394.05, as shown by a statement rendered him by Connors of that date. (Plaintiff's Exhibit D.) Connors' account book shows additional payments to plaintiff in the sum of $1,586.10. Plaintiff has memoranda entries in his account book of payments received by him subsequent to August 28th, which includes $275 not included in either of the above, making a total of $2,255.15, and these payments are practically undisputed, except as some of these items may be duplicated or credited to the wrong account. Of this, items amounting to $610.10 are mentioned in Connors' book as paid on other claims than those against the Knights of Pythias building. And possibly some items are duplicated. Plaintiff's memoranda credits Connors' with an item of $100 cash after August 28th, which he says is another payment than the check for that amount of date November 22, 1907. But possibly he is mistaken, and that it is the same item, as the entries

of all these items have the appearance of having been made at one time. The Connors statement (plaintiff's Exhibit D) of June 17, 1907, charges plaintiff with a payment of $225 cash, which plaintiff admits in his lien and complaint was paid on the Knights of Pythias building account, and that it was made in May, and in his testimony says it was paid on the Kelly building, while Connors' book charges plaintiff with $225, of date July 19, as paid upon the Kelly building. This evidence seems to establish two payments of that amount. Assuming that these two items are duplicates, which we have no right to do in favor of the lien, and that the item was actually paid upon the Kelly building, it still leaves credits upon the Knights of Pythias building amounting to $1,320. All payments made upon account of work at the quarry for labor, board, and feed, including the carload of rock, are proper credits on account of the Knights of Pythias building, as the work was for that building, and we have included them in these figures. We have not made these figures for the purpose of striking a balance between plaintiff and Connors, but to show that the evidence leaves the matter in such uncertainty that no lien can be declared. The entries in the books of both plaintiff and defendant Connors are not properly identified, nor are they satisfactory evidence of the transactions referred to, and plaintiff's evidence is very largely dependent upon the statements in the books which he did not make and cannot read, and his examination shows that he knew little or nothing about the matters of which he was testifying.

The decree of the lower court is affirmed.

AFFIRMED.